## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| KAREN SAM, et al. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:25cv05351 |
| v. ) | |
| ) | Judge Iain D. Johnston |
| CITY OF SYCAMORE, ILLINOIS, et al., ) | |
| ) | Magistrate Judge Margaret J. Schneider |
| Defendants. ) | |
| ) | |

## CITY OF SYCAMORE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

NOW COME Defendant, THE CITY OF SYCAMORE (the "City") by and through its attorney, K. Austin Zimmer of Del Galdo Law Group, LLC, and, in support of its Motion to Dismiss Plaintiffs Robert and Karen Sam's ("Plaintiffs") Complaint states:

## INTRODUCTION

The case arises against the City from Plaintiffs, Robert and Karen Sam, filing the Complaint alleging violations of their rights under federal and state law. Plaintiffs allege that the City of Sycamore, among other defendants, conspired with private parties to deprive them of habitable living conditions and violated their due process rights under the Fourteenth Amendment in connection with various housing and code enforcement actions. The complaint further alleges liability under 42 U.S.C. § 1983 and *Monell* claims against the City.

However, the Complaint is devoid of sufficient factual allegations to establish that the City violated any of Plaintiffs' constitutional rights or acted in concert with private parties to harm Plaintiffs. Further, Plaintiffs fail to allege any direct action, policy, or custom attributable to the City that would rise to the level of a constitutional violation. Consequently, the City brings this

Motion to Dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**<u>FACTS ALLEGED</u>**

Plaintiffs, Robert and Karen Sam, claim that they leased a residential property in Sycamore, Illinois. *See* Complaint, Doc. # 1, at ¶¶ 1-7. Plaintiffs allege that the property was not maintained in a habitable condition throughout their tenancy. *Id*. at 31. Plaintiffs allege that despite paying rent with the assistance of Section 8 vouchers, the landlord and its agents, BKA Holdings and Melissa Mobile, refused to make necessary repairs, which led to deteriorating living conditions. *Id*. at ¶¶ 24, 31.

Plaintiffs allege that the City of Sycamore, along with the Housing Authority of DeKalb County, failed to enforce local building codes, endangering Plaintiffs' family's health and facilitating eviction. *Id*. at ¶ 5, 31. They further claim that inspections conducted by the City of Sycamore found numerous code violations that posed health risks to Karen Sam and H.S. *Id*. at ¶ 31.

Additionally, Plaintiffs allege that the City of Sycamore conspired with the private landlord and its agents to avoid holding the landlord accountable for the violations. *Id*. at ¶¶ 5, 31. Plaintiffs further allege that these actions are part of a pattern of deliberate indifference to their rights, claiming that the City of Sycamore's failure to enforce building codes reflects a custom or practice of disregarding the safety and constitutional rights of tenants. *Id*. at ¶ 55, 61.

The following counts are alleged against the City: Count I alleges violation of the Fair Housing Act (FHA); Count III alleges violation of the Americans with Disabilities Act (ADA); Count IV alleges a 1983 due process violation under the Fourteenth Amendment; Count V alleges a 1983 negligence and deliberate indifference claim pursuant to Monell Liability; and Count VI

alleges a state law claim for intentional infliction of emotional distress. Defendant moves to dismiss all the aforementioned counts pursuant to Rule 12(b)(6).

## STANDARD OF REVIEW

A motion to dismiss made under Rule 12(b)(6) challenges the sufficiency of a complaint. *Christensen v. City of Boone, Ill.*, 483 F.3d 454, 457 (7th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where a plaintiff has not pled facts which would permit the court to infer more than the mere possibility of misconduct, a plaintiff has alleged, but not demonstrated, that he is entitled to relief, and therefore, his complaint will fail. *Id.* For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This plausibility standard asks for more than a sheer possibility that a defendant acted unlawfully. *Id.*

## ARGUMENT

### A. Plaintiffs Lack Standing

Plaintiffs lack standing to pursue their claims against the City of Sycamore because they fail to demonstrate that their alleged injuries are directly attributable to any specific action by the City. To establish standing, a plaintiff must show: "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be addressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

Here, Plaintiffs attempt to establish standing by alleging that their rights were violated because the City failed to enforce repairs and ensure compliance with housing standards, which

allegedly exposed them to unsafe living conditions. See Compl., Doc. 1 ¶¶ 31–35. But the City had no duty to enforce such repairs or guarantee compliance. Illinois courts have long held that "there is no common law duty to members of the general public for a municipality's failure to enforce an ordinance." *Lakeside Condo. C Ass'n v. Frediani Developers, Inc.*, 135 Ill. App. 3d 972, 973 (1st Dist. 1985). As the Illinois Supreme Court has explained, building codes and inspections "are designed to protect the public and are not meant to be an insurance policy by which the municipality guarantees that each building is built in compliance with the building codes and zoning codes." *Hoffert v. Owatonna Inn Towne Motel, Inc.*, 293 Minn. 220, 223 (1972), quoted in *Ferentchak v. Village of Frankfort*, 105 Ill. 2d 474, 485 (1985). Accordingly, Plaintiffs' alleged injuries are not fairly traceable to any act or omission of the City of Sycamore. Their claims rest on generalized grievances with municipal enforcement decisions, not on any concrete, particularized action by the City that deprived them of a legally protected right.

**B.      Retaliation Under the Fair Housing Act (FHA) (Count I)**

Count I should be dismissed because Plaintiffs fail to plead facts establishing the elements of a retaliation claim under the Fair Housing Act ("FHA"). To state such a claim, a plaintiff must allege: (1) that they engaged in protected activity under the FHA; (2) that the defendant took an adverse action against them; and (3) that a causal connection exists between the protected activity and the adverse action. *Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009). Under the FHA, it is unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap." 42 U.S.C. § 3604(f)(1); *Nikolich v. Vill. of Arlington Heights*, Ill., 870 F. Supp. 2d 556, 562 (N.D. Ill. 2012).

Here, Plaintiffs allege that the City of Sycamore's refusal to facilitate repairs was retaliatory. *See* Compl., Doc. # 1, at ¶¶ 36-39. But their claim falters at each step. First, they do

not allege facts showing that they actually engaged in a protected FHA activity. General complaints about living conditions or about the City's code enforcement do not, standing alone, constitute protected activity under the Act. Second, even assuming Plaintiffs engaged in protected activity, they do not identify any adverse action by the City taken *because of* that activity. The City's discretionary decision not to compel repairs or intervene in a landlord-tenant dispute does not constitute an adverse action under the FHA. See *Nikolich v. Vill. of Arlington Heights*, 870 F. Supp. 2d 556, 562 (N.D. Ill. 2012) (dismissing FHA claims premised on municipal code enforcement decisions).

Finally, Plaintiffs fail to allege a causal link between any alleged protected activity and the City's conduct. To survive dismissal, Plaintiffs must plead facts supporting a plausible inference of retaliatory intent. *Frischholz*, 587 F.3d at 783. Instead, their Complaint relies on conclusory assertions that the City's inaction was "retaliatory," without factual allegations connecting that claim to any protected FHA activity. Conclusory allegations of motive are insufficient under Rule 12(b)(6). *See Ashcroft*, 556 U.S. at 678. Accordingly, because Plaintiffs do not plead facts plausibly suggesting that the City of Sycamore took adverse action against them for engaging in protected FHA activity, Count I must be dismissed.

C.      **Violation of the Americans with Disabilities Act (ADA) (Count III)**

Plaintiffs' claim under the ADA (Count III) should be dismissed because the statute does not apply to private residences, and the City has no obligation to enforce accommodations on private property. Under 42 U.S.C. § 12182, the ADA applies to public accommodations such as businesses and services open to the public, requiring reasonable modifications only when related to access to these services.

In this case, Plaintiffs resided in a privately owned property allegedly managed by BKA Holdings and Melissa Mobile, private landlords with no public accommodation role. The City of Sycamore's involvement was limited to regulatory actions such as inspections, which do not impose any legal duty on the City to enforce accommodations or repairs on private residences. Because the property is not a public accommodation, the City cannot be held liable under the ADA for failing to enforce repairs or accommodations on private property.

Even if the ADA applied, Plaintiffs have not satisfied the elements for a "failure-to-accommodate" claim. To prevail, they must demonstrate that the requested accommodation—here, repairs to the residence—was both reasonable and necessary to address the disability. *Wis. Cmty. Servs. v. City of Milwaukee*, 465 F.3d 737, 750 (7th Cir. 2006).

Plaintiffs allege that the City's refusal to enforce repairs on the property affected their disabled daughter, but they have not shown that it was reasonable for the City, a public entity, to mandate repairs on privately owned property that it neither owns nor controls. Further, they have not demonstrated how the requested repairs were necessary to ameliorate their daughter's disability in terms of access to public services or programs. Without such a showing, the claim fails under the ADA's failure-to-accommodate theory as well.

D.      **Section 1983 Due Process Violation Claim (Count IV)**

To state a plausible claim under 42 U.S.C. § 1983, a plaintiff must allege that: "(1) the defendant acted under color of state law; and (2) the defendant's conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Matthews v. Tienda*, No. 11 C 3353, 2014 WL 7360670, at *2 (N.D. Ill. Dec. 22, 2014). A municipality can only be held liable under § 1983 if a plaintiff establishes that the constitutional violation resulted from an official policy or custom. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). In this case, Plaintiffs fail to allege any factual basis that ties the

City of Sycamore's actions to a violation of their federal rights under the Constitution. Plaintiffs' claims, such as the Town's refusal to facilitate repairs or its alleged support of the wrongful eviction process, do not amount to constitutional violations. As the U.S. Supreme Court has made clear, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. Plaintiffs' Complaint fails to allege specific facts showing that the City deprived them of any constitutionally protected right. Instead, the Complaint rests on conclusory assertions that the City's failure to take further action after identifying code violations somehow reflects ill intent toward Plaintiffs. Such allegations are insufficient to state a plausible claim for relief. Accordingly, Plaintiffs' § 1983 claims should be dismissed as a matter of law under Rule 12(b)(6).

### 1. *Plaintiffs Fail to State a Valid Claim Under 42 U.S.C. § 1983 (Count IV)*

To succeed on a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that the defendant's actions were connected to state authority and that those actions resulted in a violation of the plaintiff's federally protected rights. *Matthews*, 2014 WL 7360670, at 2. Here, Plaintiffs have failed to allege sufficient facts to support the elements necessary for a viable § 1983 claim. The City's conduct, as outlined in the complaint, neither constitutes state action that violated constitutional rights nor deprived the Plaintiffs of any federally protected rights.

### i. *The City of Sycamore Did Not Act Under Color of State Law in the Alleged Eviction or Property Disputes.*

Plaintiffs assert that the City of Sycamore engaged in or supported a wrongful eviction process in violation of their constitutional rights. *See* Compl., Doc. # 1, at ¶ 61. However, the complaint does not establish that the City of Sycamore took any direct or active role in the eviction proceedings initiated by the private landlords, BKA Holdings and Melissa Mobile. The alleged conduct, including the City's policy change regarding repairs, is regulatory in nature and does not

involve state action as required for a § 1983 claim. As the court in *Matthews* held, plaintiffs must demonstrate state involvement in the alleged deprivation of rights, which Plaintiffs have failed to do here. The City's administrative actions, including the refusal to enforce housing repairs, do not amount to unconstitutional state action.

### ii. Plaintiffs Have Not Demonstrated a Deprivation of a Federally Protected Right

To state a § 1983 claim, Plaintiffs must identify a specific constitutional or federal right that was violated. Here, Plaintiffs' complaint lacks any factual allegations showing how the City of Sycamore deprived them of their constitutional rights. The refusal to facilitate repairs is insufficient to demonstrate a violation of the Equal Protection Clause or any other constitutional right. Plaintiffs have failed to sufficiently allege that the City's conduct was motivated by discriminatory intent or that it targeted them based on a protected class.

### 2. Monell Claim (Count V)

The Complaint contains nothing more than generic allegations reciting the elements of a *Monell* claim, which are insufficient to state a § 1983 claim against the City under *Monell*. *See* Compl., Doc. # 1, at ¶¶ 54-56. The Seventh Circuit has made it clear that allegations consisting of legal conclusions or recitations of the elements of a cause of action can be disregarded when considering a motion to dismiss. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). This Court should similarly disregard the conclusory allegations in the Complaint that are mere boilerplate recitals of the elements of the claim.

### E. Intentional Infliction of Emotional Distress (Count VI)

Plaintiffs' claim for intentional infliction of emotional distress (IIED) (Count VI) should also be dismissed. To establish a claim for IIED, Plaintiffs must show that (1) the defendant's conduct was extreme and outrageous, (2) that the defendant intended to cause emotional distress

or acted with reckless disregard, and (3) that severe emotional distress resulted from the conduct. *Bianchi v. McQueen*, 2016 IL App (2d) 150646, ¶ 82, 58 N.E.3d 680, 699. Conduct is considered "extreme and outrageous" only when it goes beyond all bounds of decency and can be regarded as intolerable in a civilized society. Routine actions performed by public officials, such as property inspections and enforcing housing codes, do not meet this high standard. In this case, Plaintiffs have not shown that the City's conduct, which was related to its regulatory duties, was extreme or outrageous. The City's actions were part of standard municipal operations and were not intended to cause emotional distress.

Furthermore, there are no allegations that the City's actions were the direct cause of any emotional distress suffered by Plaintiffs. Without a breach of duty or proximate cause, Plaintiffs cannot succeed on their IIED claim.

F. **Plaintiffs' Punitive and Tort Claim Against the City Is Barred by Statutory Immunity.**

Plaintiffs' prayers for punitive damages against the City must be stricken, as the City, a municipality, is immune from such damages under both federal and state law, which do not support punitive measures against municipalities or local government entities. *Newport v. Fact Concerts*, 453 U.S. 247; 745 ILCS 10/2-102. Additionally, the City is immune from Plaintiffs' Illinois tort claim in Count VI under the Tort Immunity Act, which bars liability for any injury related to inspection failures or the administration of public assistance. 745 ILCS 10/2-105, 2-108.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant, CITY OF SYCAMORE, prays that this Honorable Court grants its Motion to Dismiss, and for all such other relief as this Court deems equitable and just.

Respectfully submitted,

**CITY OF SYCAMORE**
By: */s/ K. Austin Zimmer*
One of its attorneys

K. Austin Zimmer (#6276227)
Peter M. Quigley (#6344324)
Del Galdo Law Group, LLC
1441 South Harlem Avenue
Berwyn, Illinois 60402
P: (708) 222-7000
F: (708) 222-7001
zimmer@dlglawgroup.com